UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LUXURY JET SKI RENTALS LLC | Case No.: 22-cv-2009-LL-JLB<br><br>**REPORT AND RECOMMENDATON ON CLAIMANTS' UNOPPOSED MOTION FOR APPROVAL OF MINOR'S COMPROMISE FOR M.F.**<br><br>**REPORT AND RECOMMENDATION ON CLAIMANTS' UNOPPOSED MOTIONS TO SEAL**<br><br>**[DKT. NOS. 130, 131, 137, 138]** |

This Report and Recommendation is submitted to United States District Judge Linda Lopez pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 17.1(a).

## I.    INTRODUCTION

Before the Court are (1) Claimants' Unopposed Motion for Approval of Minor's Compromise for M.F. ("Motion"), Dkt. No. 131; (2) Claimants' Unopposed Application for Leave to File Documents under Seal, Dkt. No. 130; (3) Claimants' Supplemental Declarations in Support of Unopposed Motion for Approval of Minor's Compromise for M.F. ("Supplemental Briefing" or "Supplemental Declarations"), Dkt. No. 138; and (4) Claimants' Application for Leave to File Supplemental Declarations in Support of

Unopposed Motion for Approval of Minor's Compromise under Seal, Dkt. No. 137.[1] For the reasons discussed below, the Court **RECOMMENDS** (1) **GRANTING** the Motion, as amended by the Supplemental Briefing, and approving the minor's compromise, and (2) **GRANTING IN PART and DENYING IN PART** the Motions to Seal.

## II.    BACKGROUND

This action, brought under federal maritime law, involves allegations against Luxury Jet Ski Rentals, LLC for negligence and gross negligence. Dkt. No. 34.

On November 19, 2021, Adian H. Ali rented four jet skis from Luxury Jet Ski Rentals, LLC. Dkt. No. 131-1 at 3. That same day, her rental jet ski collided with Mohammad Farhan Mohammad's rental jet ski. *Id.* Mohammad suffered blunt force trauma to the back of his head and died after the collision. Dkt. No. 131-1 at 3. Mohammad's niece M.F., who was then thirteen years old, was a passenger on Ali's jet ski and witnessed her uncle's death. *Id*. at 3, 5; *see also* Dkt. No. 112 at 3. M.F. suffered a minor laceration. Dkt. No. 131-1 at 5. She also suffered from sleep disturbances and emotional distress because of the collision. *Id*. She does not "need[] any additional medical treatment," however. *Id.*

The parties accepted Magistrate Judge Jill L. Burkhardt's mediator's proposal following a second Mandatory Settlement Conference. *Id*. The parties' agreement "includes a confidentiality clause, prohibiting Claimants from publicly disseminating the terms of the compromise." Dkt. No. 130-1 at 2.

## III.    LEGAL STANDARD

The Court "has a special duty to safeguard the interests of minor plaintiffs . . . ." *Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("It has long been established that the court in which a minor's claims are being litigated has a duty to protect the minor's interests.") (citations omitted). This duty requires the Court to "conduct its own inquiry to

---

[1] This case was transferred to the undersigned for settlement purposes only. Dkt. No. 119.

determine whether the settlement serves the best interests of the minor." *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also* CivLR 17.1(a) (Actions involving minors may not be "settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment.").

The Court's inquiry is limited to reviewing "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. In assessing the fairness of the minor plaintiff's net recovery, the Court cannot consider the "proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citation omitted).

## IV.    DISCUSSION

The Court has conducted an independent inquiry of the proposed settlement, which was filed under seal pursuant to the confidentiality clause, and finds M.F.'s settlement is fair, reasonable, and in her best interest. M.F. does not require ongoing "medical treatment for any injuries sustained from the incident[,]" and she does not have any outstanding medical liens. Dkt. No. 131-1 at 5 ("There are no medical liens in connection with any of M.F.'s injuries from the Incident."). Moreover, the parties agreed to the settlement following two settlement conferences with Judge Burkhardt. *See, e.g.*, *Parenti v. Cty. of Monterey*, No. 14-cv-5481-BLF, 2019 U.S. Dist. LEXIS 44220, at *3 (N.D. Cal. Mar. 18, 2019) (approving a minor's compromise as reasonable in part because "the parties engaged in extensive negotiations with a magistrate judge to reach settlement").

The settlement also "allows for the certainty of recovery" while eliminating the "burden, expense, and uncertainty of taking the case to trial." *Doe v. Lincoln Mil. Prop. Mgmt. LP*, No. 20-cv-0224-GPC-AHG, 2020 WL 5587488, at *5 (S.D. Cal. Sept. 18, 2020), *report and recommendation adopted*, No. 20-cv-0224-GPC-AHG, 2020 WL 5810168 (S.D. Cal. Sept. 30, 2020).

Finally, any money recovered by a minor who is a California resident "must be paid and disbursed in accordance with California Probate Code Section 3600, et seq." CivLR 17.1(b)(1); *see also* Cal. Prob. Code § 3611 (In entering judgment for a minor, the Court "shall" specify the distribution method.). This requirement applies "regardless of whether the [minor's] claims arise under state or federal law." *Alter by & through Alter v. Cnty. of San Diego,* No. 21-cv-1709-BLM, 2023 WL 4166096, at *5 (S.D. Cal. June 22, 2023). Where, as here, "the recipient of the money or property is not a California resident, disbursement must occur pursuant to court restrictions which are similar to those of Section 3600, et seq." CivLR 17.1(b)(1).

Plaintiff's guardian *ad litem* proposes depositing M.F.'s net settlement in an insured Bank of America savings account in Albuquerque, New Mexico to be used for M.F.'s education. Dkt. No. 138 at 3; Dkt. No. 138-1 at 5. This distribution method complies with Cal. Prob. Code § 3611(d).

## V.    MOTIONS TO SEAL

Also before the Court are Claimants' Unopposed Application for Leave to File Documents under Seal, Dkt. No. 130, and Claimants' Application for Leave to file Supplemental Declarations in Support of Unopposed Motion for Approval of Minor's Compromise under Seal, Dkt. No. 137 ("Motions to Seal").

Claimants' Motions to Seal seek to seal the entirety of their minor's compromise motion, including the unredacted versions of: (1) Notice of Unopposed Motion for Approval of Minor's Compromise for M.F. (Dkt. No. 131); (2) Claimants' Memorandum of Points and Authorities in Support of Unopposed Motion for Approval of Minor's Compromise for M.F. (Dkt. No. 131-1); (3) the Declaration of Carlos F. Llinas Negret in Support of Unopposed Motion for Approval of Minor's Compromise for M.F. (Dkt. No. 131-2); and (4) the Declaration of Noor Tashtosh (Dkt. No. 131-3). Dkt. No. 130-1 at 2. Claimants further seek to seal the supplemental declarations of Claimants' counsel (Dkt. No. 138) and M.F.'s guardian *ad litem* (Dkt. No. 138-1). Dkt. No. 137.

There is a "strong presumption" in favor of maintaining public access to court records. *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The party seeking to seal judicial records attached to a motion "more than tangentially related to the underlying cause of action" must establish compelling reasons to overcome this strong presumption. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) (citations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

District courts have "applied the 'compelling reasons' standard to motions to seal documents related to a minor's compromise. *See Patino v. Cnty. of Merced,* No. 1:18-cv-1468-AWI-SAB, 2020 WL 8617417, at *2 (E.D. Cal. Sept. 11, 2020) ("The undersigned agrees with those courts that find that a request to seal documents attached to a petition for minor's compromise must meet the compelling reasons standard.") (citing cases).

Claimants here argue the following compelling reasons to seal the proposed documents: (1) The parties agreed to a confidentiality clause "prohibiting Claimants from publicly disseminating the terms of the compromise"; (2) the parties' respective interests, including Claimants' privacy interests, would be prejudiced absent a sealing order; (3) the documents include the minor's confidential health information; (4) the proposed sealing order is narrowly tailored; and (5) no less restrictive means exist to protect the information. Dkt. No. 130-1 at 2–3; *see also* Dkt. No. 137 at 2–6.

The parties' agreement "to keep information confidential is not a compelling reason to seal court records." *Medina v. Cnty. of Monterey*, No. 24-cv-0053-BLF, 2024 WL 2112890, at *2 (N.D. Cal. Apr. 16, 2024) (citing *Foltz*, 331 F.3d at 1138)). Nonetheless, district courts in this Circuit "have found compelling reasons to seal

5

settlement amounts in individual settlements, especially where those settlements involve minors." *Id.* (citations omitted). Because the settlement amounts are "highly sensitive and sealing them will protect the interests of the parties, especially the minor[,]" the Court finds compelling reasons to seal the settlement amounts. *Medina*, 2024 WL 2112890, at *2.

The Court does not, however, find compelling reasons to seal the motion and accompanying declarations or the supplemental declarations in their entirety. The proposed sealing orders are not narrowly tailored. For example, Claimants seek to seal information relating to counsel's legal experience and the underlying allegations and procedural history of this case. Claimants have not explained how this information implicates any privacy interests or could be used "as a vehicle for improper purposes." Additionally, aside from the settlement amounts, the contents of these documents is publicly available through the docket. *See M.P. ex rel. Provins v. Lowe's Companies, Inc.*, No. 2:11-cv-1985-GEB, 2012 WL 1574801, at *2 (E.D. Cal. May 3, 2012) (denying request to seal petition for approval of minor's compromise because other filings included references to the minor's information).[2]

The Court, therefore, **RECOMMENDS GRANTING IN PART and DENYING IN PART** Claimants' Unopposed Application for Leave to File Documents under Seal (Dkt. No. 130) and Claimants' Application for Leave to file Supplemental Declarations of Noor Tashtosh and Carlos F. Llinas-Negret in Support of Unopposed Motion for Approval of Minor's Compromise under Seal (Dkt. No. 137) and **ORDERING** as follows: (1) Claimants must file a redacted version of the motion for approval of minor's compromise and related exhibits and supplemental declarations on the public within seven days of entry of the District Judge's Order; (2) the redactions must be limited to the

---

[2] Although Claimants believe the Motion and supplemental briefing should be sealed because they include M.F.'s confidential health information, none of these filings include M.F.'s name or medical records. The only health information referenced are general references to her injuries. *See* Dkt. No. 131-5 at 5.

settlement amounts; and (3) the Clerk of Court is directed to maintain the documents at Dkt. Nos. 131 and 138 under seal.

## VI. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** the District Judge **GRANT** Claimants' Unopposed Motion for Approval of Minor's Compromise for M.F. (Dkt. No. 131), as amended by the supplemental briefing (Dkt. No. 138), and **ORDER** as follows:

1. The compromise and terms of the settlement as set forth in the Motion are in the best interest of Plaintiff M.F., and the Motion, as amended by the supplemental briefing, is hereby approved.

2. The net proceeds to M.F. are to be deposited in an insured Bank of America savings account in Albuquerque, New Mexico to be used for M.F.'s education.

3. The Court further **RECOMMENDS** the District Judge **GRANT IN PART and DENY IN PART** Claimants' Unopposed Application for Leave to File Documents under Seal (Dkt. No. 130) and Claimants' Application for Leave to file Supplemental Declarations of Noor Tashtosh and Carlos F. Llinas-Negret in Support of Unopposed Motion for Approval of Minor's Compromise under Seal (Dkt. No. 137).

//
//
//
//
//
//
//
//
//
//
//
//

**IT IS HEREBY ORDERED** that any written objection to this Report and Recommendation must be filed with the Court and served on all parties no later than **January 14, 2025**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 21, 2025**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  December 31, 2024

_____
Honorable Daniel E. Butcher
United States Magistrate Judge